People v Rojas-Aponte (2025 NY Slip Op 05376)

People v Rojas-aponte

2025 NY Slip Op 05376

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, OGDEN, AND NOWAK, JJ.

660 KA 22-00360

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HECTOR ROJAS-APONTE, DEFENDANT-APPELLANT. 

IAN A. RENNIE, SYRACUSE, FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered January 28, 2022. The appeal was held by this Court by order entered February 2, 2024, decision was reserved and the matter was remitted to Onondaga County Court for further proceedings (224 AD3d 1264 [4th Dept 2024]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of predatory sexual assault against a child (Penal Law former § 130.96). When the appeal was previously before us, we rejected defendant's other contentions and also considered defendant's contention that County Court erred in denying his motion to dismiss the indictment pursuant to CPL 30.30 (People v Rojas-Aponte, 224 AD3d 1264, 1264-1266 [4th Dept 2024]). We noted that, in support of the motion, defendant had asserted that the People's failure to turn over disciplinary records concerning the law enforcement witness who later testified at trial rendered the People's certificate of compliance invalid (see CPL 245.20 [former (1) (k) (iv)]; see generally CPL 245.50 [former (1)]) and that, therefore, the People's statement of readiness was also invalid (see CPL 245.50 [former (3)]; Rojas-Aponte, 224 AD3d at 1265). We further noted, however, that "[b]efore the People filed a response to the motion, the court issued a letter decision in which it denied the motion, concluding that 'the People's method of reviewing [law enforcement] disciplinary records (i.e., having a group of assistant district attorneys review all records prior to dissemination) is not in any way improper,' and thus that there was no basis for concluding that the People failed to comply with their discovery obligations or that the certificate of compliance was invalid" (Rojas-Aponte, 224 AD3d at 1265). We agreed with defendant that the court erred in denying his motion on the ground that the People's method of review of law enforcement disciplinary records fulfilled their obligation under CPL 245.20 former (1) (k) (iv) (Rojas-Aponte, 224 AD3d at 1265-1266). In particular, we determined that "[t]he statute does not authorize the use of a screening panel to decide what evidence and information should be disclosed, or to otherwise act as a substitute for the disclosure of the required material" (id. at 1266).
Nonetheless, inasmuch as the court had not allowed the People an opportunity to respond to defendant's motion and had not addressed the issue whether the People complied with their obligations under CPL 245.20 former (1) (k) (iv) by producing the evidence and information required under that statute, including with respect to any law enforcement disciplinary records constituting impeachment material, we held the case, reserved decision, and remitted the matter to County Court "to afford the People an opportunity to file a response to the motion, and to then determine the motion by ruling on the abovementioned outstanding issue . . . , including whether the prosecution . . . exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery" (Rojas-Aponte, 224 AD3d at 1266 [internal quotation marks omitted]; see People v Bay, 41 NY3d 200, 211 [2023]). After appropriately adhering to that directive, the court (Cuffy, J.) denied the motion upon determining [*2]that, although the People discovered for the first time following remittal that the law enforcement witness had a disciplinary record arising from a single, decades-old incident in which she made a physical arrest that was later deemed without probable cause, the People had nonetheless exercised due diligence and made reasonable inquiries to ascertain the existence of that material prior to filing the certificate of compliance. We now affirm.
Under the terms of the statute in effect at the time of defendant's motion, "the key question in determining if a proper [certificate of compliance] has been filed is whether the prosecution has 'exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery' " (Bay, 41 NY3d at 211, quoting CPL 245.50 [former (1)]; see also CPL 245.20 [former (2)]; 245.50 [former (3)]). Due diligence "is a familiar and flexible standard that requires the People 'to make reasonable efforts' to comply with statutory directives" (Bay, 41 NY3d at 211). "Reasonableness, then, is the touchstone" (id. at 211-212). "An analysis of whether the People made reasonable efforts sufficient to satisfy CPL article 245 is fundamentally case-specific, as with any question of reasonableness, and will turn on the circumstances presented" (id. at 212). Although "[t]here is no rule of 'strict liability' " and thus "the statute does not require or anticipate a 'perfect prosecutor[,]' . . . the plain terms of the statute make clear that while good faith is required, it is not sufficient standing alone and cannot cure a lack of diligence" (id.). In assessing due diligence, "courts should generally consider, among other things, the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery" (id.).
Here, even assuming, arguendo, that the law enforcement witness's disciplinary records were subject to automatic discovery as having met both the relevancy prong and the possessory prong of the statute (see CPL 245.20 [former (1)]; see generally People v Walker, 232 AD3d 1214, 1215-1216 [4th Dept 2024], lv denied 42 NY3d 1082 [2025]), we conclude, upon our review of the relevant factors, that the People met their burden of establishing that they had "exercise[d] due diligence and made reasonable inquiries prior to filing the . . . [certificate of compliance] despite a . . . missing disclosure" (Bay, 41 NY3d at 213; see People v Odusanya, 235 AD3d 1299, 1301-1302 [4th Dept 2025], lv denied 43 NY3d 965 [2025]; People v Lawrence, 231 AD3d 1497, 1500-1501 [4th Dept 2024], lv denied 43 NY3d 945 [2025]; People v Watkins, 224 AD3d 1342, 1344 [4th Dept 2024], lv denied 41 NY3d 986 [2024]). The record establishes that, in this somewhat complex case involving sexual abuse of multiple child victims, the disclosure and investigation of which were delayed, the People made reasonable efforts to comply with the statutory requirements and disclosed to defendant voluminous discovery material (see Odusanya, 235 AD3d at 1301; Lawrence, 231 AD3d at 1500). Although the People discovered for the first time following our remittal that the law enforcement witness had a disciplinary record arising from a prior incident, the People adequately explained that they had followed their policy in place at the time they filed the certificate of compliance of seeking such substantiated disciplinary records from law enforcement agencies and that the relevant local police department, despite the People's efforts, had failed to provide any disciplinary record for the law enforcement witness (see Odusanya, 235 AD3d at 1301-1302; Watkins, 224 AD3d at 1344; see generally Bay, 41 NY3d at 212). Under the circumstances of this case, we conclude that "it would not have been particularly obvious to the People that [any disciplinary record] was missing" (Odusanya, 235 AD3d at 1302; see Lawrence, 231 AD3d at 1500) and that "it was reasonable for the [People] to have concluded that no [disciplinary record for the law enforcement witness] existed at the time of the filing of the [certificate of compliance]" (Watkins, 224 AD3d at 1344). We therefore conclude that the court did not err in denying defendant's motion to dismiss the indictment pursuant to CPL 30.30.
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court